**Delores ALLEN, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, DEPARTMENT OF CHILD WELFARE, Appellee.**

Court of Appeals of Kentucky.

Oct. 27, 1967.

Edward L. Clark, Louisville, for appellant.

Lynn T. Mitchell, Dept. of Child Welfare, Frankfort, for appellee.

MILLIKEN, Judge.

The appellant, Delores Allen, lost the parental rights to her five children in an involuntary termination of parental rights proceeding under KRS 199.600 which was brought by the Department of Child Welfare. She appeals on the ground that she has not been proven guilty of abandonment or desertion as is required by KRS 199.600. The facts show that through circumstances beyond her control, she was forced to place the children with the Department of Child Welfare. Her husband had abandoned her and she was unable to support them. The parental rights of the fathers of the children also were terminated and the fathers have not appealed.

After placing the children with the Department, Delores tried to get various welfare groups to help, but was unsuccessful in her attempts. Her determination in this respect was rather short lived, however, because after appearing at Department offices on February 15, 1964, she did not contact that agency nor permit it to contact her until this proceeding was begun in February of 1966. Thus, for nearly two years she had not inquired about her children. During the two-year period, appel-

lant also acquired a reputation for hanging around bars, drinking, living with a strange man and was arrested once for prostitution. Appellant told the court at the hearing that she wanted the children back, but admitted she didn't have a job to support them with or a decent place to live. Her mother was willing to help appellant, but it was doubtful she could improve the situation much with her $144.00 a month take-home pay.

The Department argues that appellant was not at fault originally in placing the children with the Department, but while the children were so placed, displayed her unfitness for parenthood. It is the Department's contention that the children were abandoned by their mother because she left them with the Department and then went two years without even asking about them. Certainly during the two-year period neither she nor her mother made any effort to prepare a home for them.

The chancellor found that the appellant both neglected and abandoned the children within the meaning of KRS 199.011, and that the parental rights of both the mother and fathers should be terminated in the interests of the welfare of the children. He observed that the appellant was not primarily at fault when she brought the children to the Department, but her conduct since then was "her own doing and her own choosing".

Counsel for Delores points to her many efforts to get financial assistance before she placed the children with the Department as evidence that she wanted to keep them. The testimony reveals the deplorable condition of the children, physically and emotionally, when the Department obtained them, and the bestial, perverted nature of the father of the younger children. It was necessary to call in a psychologist to attempt to relieve the abnormal fears of two of them.

We agree with the chancellor that the appellant's indifference to the children

after they were placed with the Department and her apparent lack of effort to establish a home for them to return to are potent evidence that she had neglected and abandoned them. A return to the type of parental care these children experienced certainly would again endanger their "morals, health or welfare", and put them in "destitute circumstances" within the meaning of KRS 199.011.

For the welfare of these children, the judgment is affirmed.

All concur.